**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas John Zolinerz,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Joseph Arpaio, Sheriff of Maricopa County; Fulton Brock; Don Stapley; Andrew Kunasek; Max Wilson; Mary Rose Wilcox; Board of Maricopa County Supervisors; Betty Adams, Director of Maricopa County Correctional Health Services, et al.,<br><br>　　　　Defendants. | No. CV-11-146-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3), which will be granted. The Court will screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Pursuant to that screening Plaintiff's Complaint as to all Defendants with the exception of Sudha D. Rao is dismissed.

**I.     Screening Complaint Under 28 U.S.C. § 1915(e)(2)**

　　**A. Legal Standards**

　　　　**1.  28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue"

or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings not just those filed by prisoners. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before the dismissal of the action. *See Lopez v. Smith,* 203 F.3d 1122, 1127-1129 (9th Cir. 2000) (*en banc).*

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *see also Lopez,* 203 F.3d at 1131 n. 13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because, although it appears unlikely, it may be possible for Plaintiff to assert claims that are appropriately brought in federal court.

**II.   The Complaint**

The Complaint names as parties Joseph Arpaio, as Sheriff of Maricopa County, Fulton Brock, Don Stapley, Andrew Kunasek, Max Wilson, Mary Rose Wilcox as members of the Board of Maricopa County Supervisors, and Betty Adams Director of Maricopa County Correctional Health Services, Inc. It also apparently seeks to name Dr. R. Venkatabalaji, the Director of the Jail Medical Review Board, and Dr. Sudha S. Rao a health care provider in the 4th Ave. Jail Correctional Health Services. In his Complaint, Plaintiff alleges that he brings the action pursuant to 42 U.S.C. §§ 1983 and 1985. He also apparently seeks to assert several pendant state law claims. Nevertheless, Plaintiff's claim does not successfully state a civil rights claim as to any of the Defendants except Dr. Sudha S. Rao. The Court thus dismisses Plaintiff's claims as to all other defendants with leave to amend his complaint

1  against them within 30 days.

2  In his Complaint, Plaintiff alleges that when he was confined in the Fourth Avenue
3  Jail facility he was subjected to an assault and battery, was the victim of excessive force and
4  was forcibly administered an anti-psychotic drug by Sheriff Arpaio's "subordinates, jail
5  detention officers and CHS nurses." He further alleges that his attempts to invoke the
6  grievance process were "circumvented by "ranking jail officials" and that detention officers
7  and correctional health nurses filed false incident reports and that Sheriff Arpaio took no
8  action regarding the alleged incidents. He further alleges that Dr. Sudha D. Rao, a health
9  care provider of the 4th Avenue Jail Correctional Health Services "provided inadequate
10 medical care and treatment for Plaintiff's liver, and subjected Plaintiff to cruel and unusual
11 punishment and deliberate indifference to a serious medical need."

12 In his Complaint, Plaintiff alleges that the Maricopa County Sheriff, the members of
13 the Maricopa County Board of Supervisors, the Director of Maricopa County Correctional
14 Health Services, and the Director of the Jail Medical Review Board are responsible for these
15 excesses because they "maintain and operate the Fourth Avenue Jail, and implement jail
16 policies and supervise county employees."

17 **III.    Failure to State A Claim.**

18 Such an allegation is insufficient to state a civil rights claim as to any of the above
19 Defendants who are listed in a supervisory capacity only. "A plaintiff must allege facts, not
20 simply conclusions, that show that an individual was personally involved in the deprivation
21 of his civil rights. *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998). There is no
22 *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of
23 someone who allegedly violated a plaintiff's constitutional rights does not make him liable.
24 *Monell v. Dep't of Soc., Servs.,* 436 U.S. 658, 691 (1978); *Taylor v. List,* 880 F.2d 1040,
25 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional
26 violations of his subordinates if the supervisor participated in or directed the violations, or
27 knew of the violations and failed to prevent them." *Taylor,* 880 F.2d at 1045.

28 The Complaint contains no allegation that Arpaio, Brock, Kunasek, Stapley, Wilcox,

1 Wilson, Adams or Venkatabalaji participated in, directed, or knew of the alleged violations 2 of Plaintiff's civil rights. Liberally read the complaint does allege that Dr. Rao violated the 3 Plaintiff's due process right to receive adequate health care during the term of his 4 incarceration. Plaintiff will be allowed thus to pursue his claim against Dr. Rao. Plaintiff 5 will be given thirty days to amend his complaint with respect to such claims. Should he fail 6 to file an amended complaint within thirty days of this order, his claims against Defendants 7 Arpaio, Brock, Kunasek, Stapley, Wilcox, Wilson, Adams and Venkatabalaji will be 8 dismissed without further action of this Court. The first amended complaint must be retyped 9 or rewritten in its entirety and may not incorporate any part of the original Complaint by 10 reference. Plaintiff may include only one claim per count. Should Plaintiff fail to file a first 11 amended complaint within 30 days, the Clerk may dismiss this action as to the above named 12 defendants without prejudice and without further notice from the Court.

13 **IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District 14 Court Without Prepaying Fees or Costs (Doc. 3) is granted. Plaintiff shall be responsible for 15 service by waiver or of the Summons and Complaint.

16 **IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2) Plaintiff's 17 Complaint against Defendants Arpaio, Brock, Kunasek, Stapley, Wilcox, Wilson, Adams and 18 Venkatabalaji is dismissed for failure to comply with Rule 8, with leave to file an amended 19 complaint by **March 11, 2011**.

20 **IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint 21 by **March 11, 2011**, the Clerk of Court shall dismiss Defendants Arpaio, Brock, Kunasek, 22 Stapley, Wilcox, Wilson, Adams and Venkatabalaji from this action without further Order 23 of the Court.

24 **IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended complaint, 25 the complaint may not be served until and unless the Court screens the amended complaint 26 pursuant to 18 U.S.C. § 1915(e)(2).

27 DATED this 9th day of February, 2011.

28

*G. Murray Snow*
United States District Judge