**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas John Zolnierz, | No. CV-11-146-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al. | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Appoint Counsel and/or Guardian Ad Litem (Doc. 38). There is no constitutional right to appointed counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel" under section 1915(e)(1). *Wilborn*, 789 F.2d at 1331.

Having considered both factors, the Court finds that Plaintiff has not demonstrated a

likelihood of success on the merits or that any difficulty he is experiencing in attempting to litigate his case is due to the complexity of the issues involved. While Plaintiff has pointed to difficulties that he is experiencing, such difficulties do not make his case exceptional. Accordingly, at the present time, this case does not present "exceptional circumstances" requiring the appointment of counsel.

**IT IS HEREBY ORDERED** denying Plaintiff's Motion to Appoint Counsel and/or Guardian Ad Litem (Doc. 38).

DATED this 17th day of November, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge