**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas John Zolnierz,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>    Defendant. | No. CV-11-146-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants Eggert and Everett's Motion for Summary Judgment (Doc. 39), Defendant Arpaio's Motion to Dismiss (Doc. 41), Defendant Venkatabalaji's Motion for Summary Judgment (Doc. 45), and Plaintiff's Motion for an Evidentiary Hearing (Doc. 55). For the reasons discussed below, Defendants' motions are granted and Plaintiff's motion is denied.

**BACKGROUND**

On January 12, 2009, Defendant Detective Korey Eggert obtained a search warrant of Plaintiff Douglas John Zolnierz's home. The warrant was based on Det. Eggert's affidavit stating that an investigation had indicated that Plaintiff shot a 17-year-old male in the chest. (Doc. 40, Ex A ¶ 7; Doc. 40, Ex. B ¶ 4). Police searched Plaintiff's apartment for contraband and firearms. (Doc. 40, Ex. 5). Plaintiff was not present during the search. (Doc.40, Ex. B ¶ 5). According to Defendant Eggert's police report, the police seized 17 items, including various drug paraphernalia, baggies of marijuana, guns, ammunition, a scale, and two

1 identification cards not belonging to the Plaintiff. (Doc. 40, Ex. 1).

2 Plaintiff was arrested on January 16, 2009 by Defendant Detective Todd Everett, who subsequently performed a search incident to the arrest. (Doc. 40, Ex. B). Defendant Everett itemized 20 items from this search, including $1,284 in cash, legal papers, law books, cell phones, phone charger, a blade, hand-written notes, unknown pills, bottles of over-the-counter drugs, a scale, markers, paper, and other personal items. (Doc. 40, Ex. 1). Plaintiff was detained at the Fourth Avenue Jail, where he was treated with anti-psychotic medication and where he claims that his diabetes went untreated. (Doc. 1 at 3). Plaintiff was sentenced on October 29, 2009 pursuant to a plea agreement. (Doc. 40-13, Ex. E at 1).

Plaintiff filed this suit on January 21, 2011 after being released from prison, and filed an amended complaint on March 11, 2011. (Docs. 1, 6). This Court dismissed a number of Plaintiff's claims on June 6, 2011. (Doc. 10). Plaintiff's remaining claims are that 1) Sheriff Arpaio promulgated policies that led to Plaintiff's assault, battery, and the forcible administration of anti-psychotic drugs during Plaintiff's pretrial detention, 2) Detective Eggert and Detective Everett searched Plaintiff's apartment without probable cause in violation of the Fourth and Fourteenth Amendments, and confiscated Plaintiff's property in violation of the Fifth and Fourteenth Amendments, and 3) Dr. Rao and Dr. Venkatabalaji violated Plaintiff's Eighth Amendment rights by showing deliberate indifference to his serious medical needs.[1]

Defendant Arpaio has filed a Motion to Dismiss, and Defendants Eggert and Everett have filed a Motion for Summary Judgment. (Docs. 41, 39) Defendant Dr. Venkatabalaji has also filed a Motion for Summary Judgment. (Doc. 45). Defendant Sudha Rao has not moved for dismissal or summary judgment.

Plaintiff responded to the first Motion for Summary Judgment and the Motion to

---

[1] A claim against another Defendant, Betty Adams, was also not dismissed, but Ms. Adams was never served and was subsequently terminated as a Defendant. (Doc. 17).

- 2 -

1  Dismiss but filed no response to Defendant Venkatabalaji's Motion. (Doc. 47) In his
2  response, Plaintiff referenced at least twenty exhibits, but did not attach them, and did not
3  submit a Controverting Statement of Facts as required by LRCiv 56.1(b). The Court ordered
4  Plaintiff to produce the exhibits referenced in his Response. (Doc. 53). Plaintiff filed a
5  "Rebuttal of Court's Order and Request for an Evidentiary Hearing" and attached various
6  news articles, but did not include the attachments referenced in his Response. (Doc. 55).

**DISCUSSION**

**I.     Legal Standards**

   **A.     Rule 12(b) Motion to Dismiss**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). In addition, the Court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). Moreover, a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

   **B.     Summary Judgment**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Id.* "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"

- 3 -

1 *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). Nevertheless, summary judgement may be granted when the non-moving party can produce only "uncorroborated and self-serving" statements that lack an evidentiary basis. *Id.* at 1061. The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Under Rule 56(e)(3), if a party "fails to address another party's assertion or fact . .. the court may . . . grant summary judgment."

### C.    42 U.S.C. § 1983

"To state a claim for relief in an action brought under § 1983, [plaintiffs] must [allege] that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Supervisors are not liable for unconstitutional acts of subordinates in § 1983 cases under the traditional theory of *respondeat superior*; instead individuals can be held liable when there is an "affirmative link" between the individual conduct and the constitutional injury. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Individual liability under § 1983 "arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

## II.    Analysis

### A.    Defendant Arpaio

Plaintiff alleges that Sheriff Arpaio has promulgated policies that led officers in the Fourth Avenue jail to inject Plaintiff with anti-psychotic medication against his will. (Doc. 6 at 25). Under Arizona law, health care for inmates in the County Jails is the responsibility of the County, not the Sheriff or the Sheriff's Office. *See* A.R.S. § 11-291(A) ("[T]he board of supervisors may provide for the hospitalization and medical care of the sick in the county and, to the extent that such expenses are not covered by a third party payor, to persons under the supervision of a county corrections agency."). *See also Rogers v. Maricopa Cnty.*

- 4 -

1 *Sheriff's Office*, No. CV 07-641-PHX-DGC (DKD), 2008 WL 898721, at *2 (D. Ariz. Mar. 31, 2008) ("Although Arizona places responsibility for operating county jails by law upon the county sheriff, the county is responsible for the provision of medical care to inmates."); *Catto v. Correctional Health Services*, No. CV 09-2408-PHX-JAT (JRI), 2010 WL 1286303, at *3 (D. Ariz. Mar. 30, 2010) (same).

Even taking Plaintiff's allegations as true, Plaintiff has no claim against Defendant Arpaio, because the Sheriff's Office does not oversee the medical care in prisons in a manner that establishes a link between the alleged conduct and Defendant Arpaio. *See Rizzo*, 423 U.S. at 371–72. Sheriff Arpaio's motion to dismiss is granted and the claim against him is dismissed.

### A.   Defendants Eggert & Everett

Plaintiff alleges Defendants Everett and Eggert violated his Fourth and Fifth Amendment rights by searching his home without probable cause, searching his person when he was arrested, and damaging or confiscating his property. In their motion, Defendants argue that the apartment was searched pursuant to a warrant, Plaintiff was searched incident to a lawful arrest, and that the property will be available to Plaintiff at the conclusion of his criminal proceedings. (Doc. 39). Plaintiff filed a response in which he referenced exhibits but did not attach them. (Doc. 47). When given an opportunity to attach the exhibits, Plaintiff instead submitted further argument and copies of news articles regarding criminal justice issues. (Docs. 53–55).

#### 1.   Fourth Amendment

Plaintiff alleges Defendants Everett and Eggert searched his home pursuant to an invalid warrant. (Doc. 6 ¶¶ 46–47).The warrant in question was issued by the Honorable Jerry Bernstein of Maricopa County Superior Court on January 12, 2009, supported by an affidavit sworn by Det. Eggert. (Doc. 40-8, Ex. E). Plaintiff alleges that the warrant was based on false information provided by the shooting victim to the police, but does not state why the police would have reason to disbelieve the shooting victim and did not submit any

- 5 -

1 evidence with his response to the summary judgment motion. Neither party has submitted
2 a copy of the affidavit that served to support the search warrant.

3 Plaintiff does not deny that the informant was shot while at Plaintiff's apartment, and that the informant then provided a statement to the police that formed the basis of the search warrant.[2] He does not provide any documentation in support of his contention that the informant lied to the police, or in support of the proposition that the police should have known that the informant was lying to them. Detective Eggert has provided an affidavit in which she states that the police had gathered evidence suggesting that Plaintiff had shot the victim and was selling drugs from the apartment. When the apartment was searched, loaded weapons and drugs were in fact recovered, and Plaintiff eventually pleaded guilty to criminal charges. (Doc. 40-13, Ex. E at 1).

12 Other than his "uncorroborated and self-serving" allegations that the victim lied to the police officers, Plaintiff has offered no evidence that the warrant was not based upon probable cause. *Villiarimo*, 281 F.3d at 1061. His statements do no more than cast "some metaphysical doubt as to the material facts" and will not prevent summary judgment. *Matsushita*, 475 U.S. at 586. Summary judgment is entered for Defendants on the claims relating to the apartment search.

18 When Detective Everett arrested Plaintiff, he searched Plaintiff and confiscated money and other items. A search incident to a lawful arrest is reasonable "to remove any weapons the arrestee might seek to use and in order to prevent the concealment or destruction of evidence." *Arizona v. Gant*, 556 U.S. 332, 338–39 (2009) (*quoting Chimel v. California*, 395 U.S. 752, 763 (1969). The circumstances of Plaintiff's arrest are not revealed in the record. He states in his complaint that he was subject to a "false arrest" but does not state why the officers lacked probable cause to arrest him, or even acknowledge that he was arrested at all

---

[2] Indeed, in his complaint, Plaintiff does not deny that he shot the victim. He writes only that the victim came to Plaintiff's house "with the intent to rob and cause bodily harm to Plaintiff which resulted in the victim getting wounded." (Doc. 6 at 20).

- 6 -

1 when discussing the confiscation of his property. (Doc. 6 ¶¶ 49–50). Defendants have
2 provided an inventory of the items confiscated when Detective Everett arrested Plaintiff.
3 (Doc. 40-10, Ex. 1). Plaintiff has responded only with statements that again do no more than
4 cast "some metaphysical doubt as to the material facts" and will not prevent summary
5 judgment. *Matsushita*, 475 U.S. at 586.

6 Based on the evidence provided by Defendants, there is no genuine dispute of material
7 fact that 1) Plaintiff's apartment was searched pursuant to a warrant supported by probable
8 cause, and 2) Plaintiff's possessions were seized during a search conducted pursuant to a
9 lawful arrest. The Fourth Amendment claims against Detectives Eggert and Everett are
10 therefore dismissed.

### 2. Fifth Amendment

#### i. Impounded Property

13 Plaintiff alleges that Defendants have refused to return property confiscated during
14 the search and arrest. (Doc. 47 ¶¶ 1–3). Defendants argue that because Plaintiff's criminal
15 case is still pending, they have not heard back from the County Attorney authorizing them
16 to release the property. (Doc. 39 at 5:21–24, 6:1–2).

17 Plaintiff's response referred to multiple requests to return the property, including
18 letters, a special action filed in the Maricopa County Superior Court, a public information
19 request, and a suit in equity. (Doc. 47 ¶ 3). His response includes none of these referenced
20 attachments, and when ordered to provide them by the Court, he instead submitted newspaper
21 articles regarding criminal justice issues in Arizona generally. (Doc. 53–55). Plaintiff has not
22 provided any controverting statement of facts, or any evidence that might serve to controvert
23 Defendants' facts, in violation of LRCiv. 56(b). "Although [the Court] construe[s] pleadings
24 liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v.*
25 *Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.
26 1987)). Plaintiff has provided no evidence to support his claims that he has attempted to
27 obtain the property, and has not countered Defendants' arguments that the property will be

- 7 -

1  available when Plaintiff's criminal adjudication concludes. Defendants are granted summary
2  judgment on the claim that they have failed to return Plaintiff's confiscated property.

3  **ii.   Missing Cash and Damaged Property**

4  Plaintiff alleges that Defendants damaged property during the search of his home and
5  that $800 in cash disappeared after the search. (Doc. 6 ¶ 48; Doc. 47 ¶ 3). Defendants provide
6  photographs of the apartment documenting that it was not damaged during the search, and
7  showing the computers were not moved during the search. (Docs. 40-3 and 40-4). Plaintiff
8  does not put forth evidence to show that his computers or other personal items were
9  destroyed or to show that there was $800 in his apartment prior to the search. He simply
10 alleges these facts in his Amended Complaint and reiterates the claims in his Response.
11 Plaintiff has made only "uncorroborated and self-serving" statements that will not prevent
12 summary judgment. *Villiarimo*, 281 F.3d at 1061.

13 Plaintiff's Fifth Amendment claims that the officers confiscated or damaged property
14 therefore cannot survive summary judgment, and all claims against Detectives Everett and
15 Eggert are dismissed.

16 **C.   Defendant Venkatabalaji**

17 Defendant Venkatablaji is a psychiatrist who works with inmates at the Lower
18 Buckeye Jail. (Doc. 45 at 1:24–26). Plaintiff alleges that Defendant Venkatabalaji was
19 responsible for injuries sustained by Plaintiff at the Fourth Avenue Jail. Defendant claims he
20 never treated Plaintiff, was never a medical director at Fourth Avenue Jail, and never held
21 responsibilities to implement medical policies for Correctional Health Services, as alleged
22 by Plaintiff. (*Id.* at 1:26–28).

23 Plaintiff failed to respond to Defendant's Initial Disclosure Statement and Requests
24 for Admission. (*Id.* at 4:15–19). Under Federal Rule of Civil Procedure 36(a)(3), facts under
25 a requests for admission are admitted absent a response to the request. *Conlon v. United*
26 *States*, 474 F.3d 616, 621 (9th Cir. 2007) ("Once admitted [under 36(a)], the matter 'is
27 conclusively established unless the court on motion permits withdrawal or amendment of the

28

- 8 -

admission.'"). Plaintiff has not responded to Defendant's motion for summary judgment, and has made no effort to dispute Defendant's facts. Defendant Venkatablaji's motion for summary judgement is granted and the claims against him are dismissed.

### D.    Other Issues

In his response to the summary judgment motions, Plaintiff raises claims that either have been previously dismissed by this Court or are entirely new, including a claim regarding *Miranda* violations, a claim that a photographic lineup was tainted, claims arising under the Americans with Disabilities Act, and others. (Doc. 47 ¶ 2). A response to a motion for summary judgment is not the proper place to lodge new allegations, and claims that are either new or have been previously dismissed will not be considered.

Plaintiff has asked the judge in this case to recuse himself because he previously worked at a law firm that subsequently represented plaintiffs suing Sheriff Arpaio in the unrelated case of *Graves v. Arpaio, et. al*., No. CV-77-479 (NVM) (Doc. 47 at 10). The firm in question did not represent plaintiffs in that case until 2006 whereas the judge in this case left the firm in 2002. There is therefore no conflict of interest and recusal is not necessary.

Plaintiff has moved for an evidentiary hearing. (Doc. 55). When this Court ordered Plaintiff to provide the evidence referenced in his response to Defendants' summary judgment motion, he instead submitted a document entitled "Plaintiff's Rebuttal of Court's Order Dated 03-29-12 and Request for an Evidentiary Hearing and Disclosure of Evidentiary Materials Provided as a Matter of Fact and Law." (Doc. 55). Plaintiff attached various news clippings to this filing. (*Id.*). Plaintiff has had adequate opportunity to conduct discovery in this case; a case management order was issued on September 19, 2011. (Doc. 31). Plaintiff has not submitted any of the evidence he referenced in his response, and there is no need for a hearing of any sort. Plaintiff also argues that the Court has not complied with *Rand v. Rowland*. 154 F.3d 952 (9th Cir. 1998). *Rand* states that a pro se litigant must have meaningful access to the court and that a pro se prisoner is entitled to fair notice of the requirements for summary judgment. *Id.* at 958. This Court has provided Plaintiff with fair

1 notice of how to respond to a motion for summary judgment and even submitted an order 2 giving Plaintiff an extended period to provide evidentiary materials to support his response. 3 (Doc. 53). Plaintiff failed to take advantage of the Court's order.

Defendant Dr. Sudha D. Roa has not filed any motions and remains the only named defendant in this case.

## CONCLUSION

Defendant Arpaio is not liable for any medical mistreatment that occurred at the Fourth Avenue Jail because medical treatment is not under the purview of the Sheriff's Office. Defendant Eggert searched Plaintiff's apartment pursuant to a valid warrant, and Defendant Everett searched Plaintiff's person pursuant to a valid arrest. Plaintiff has not produced any evidence to rebut Defendants' evidence that the property was properly impounded and will be available when Plaintiff's criminal case is concluded. Defendant Venkatabalaji is not liable for any failure to provide medical treatment at the Fourth Avenue Jail because he does not work at Fourth Avenue Jail and has no oversight of the medical treatment provided in that Jail. Defendant Doctor Sudha D. Roa has not filed any motions and remains the only named defendant in this case.

**IT IS THEREFORE ORDERED** that Defendants Eggert and Everett's Motion for Summary Judgment (Doc. 39), Defendant Arpaio's Motion to Dismiss (Doc. 41), and Defendant Venkatabalaji's Motion for Summary Judgment (Doc. 45) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Evidentiary Hearing (Doc. 55) is **DENIED**.

Defendant Dr. Sudha D. Roa remains a Defendant in this case.

DATED this 25th day of April, 2012.

G. Murray Snow
United States District Judge