**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas John Zolnierz,<br><br>    Plaintiff,<br><br>v.<br><br>Joseph M. Arpaio, et al.<br><br>    Defendants. | No. CV-11-00146-PHX-GMS<br><br>**ORDER** |

Pending before the Court are a number of motions in this case. A review of the docket reveals that several of these can be disposed of in short order.

**I.    APPEAL ISSUES**

Portions of this case are currently on appeal in the Ninth Circuit. On August 8, 2012, Plaintiff Douglas Zolnierz filed a Motion for Leave to Appeal, Motion to Stay, and a Motion for Sanctions. (Doc. 97.) The Court has reviewed the motion and subsequent Motions for Leave to Appeal and Certification to Take an Interlocutory Appeal (Docs. 114, 180) and finds that none of the matters cited therein are appealable final judgments. Typically, the appropriate time for appeal is when the district court enters an order that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Narrow exceptions exist that allow for an interlocutory appeal, but a review of the orders that Zolnierz seeks to appeal demonstrates that they are not of that nature.   Zolnierz's accompanying Motion for Sanctions likewise does not have merit. Consequently, those motions are denied.

Despite the lack of a ruling on the motions from this Court, Zolnierz filed a Notice of Interlocutory Appeal on September 4, 2012. (Doc. 115.) That moment was significant because—whether leave was granted or not—"[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Natural Res. Def. Council v. Sw. Marine, Inc.,* 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, (1982) (per curiam)). The notice indicated that Zolnierz was appealing the following orders: the Order denying Zolnierz's Motion to Appoint Counsel and Guardian ad Litem (Doc. 43); the Order dismissing Zolnierz's claims against certain Defendants under Rule 8 (Doc. 5); the Order dismissing Zolnierz's First Amended Complaint against multiple defendants (Docs. 7, 10); the Order denying Zolnierz's Motion to Amend his Complaint (Doc. 12); the Order denying Zolnierz's Motion to Enlarge Time to Effect Service of Process (Doc. 15); the Court's Case Management Order (Doc. 31); the Order for Zolnierz to respond to Defendants' Motions (Doc. 44); the Order for Zolnierz to submit documents in his responses (Doc. 53); the Order granting Defendants Eggert and Everett's Motion for Summary Judgment, Defendant Arpaio's Motion to Dismiss, and Defendant Venkatabalaji's Motion for Summary Judgment (Doc. 58); the Order denying Zolnierz's Motion to Compel (Doc. 68); and the Court's discovery Order of August 1, 2012 (Doc. 95). This Court is therefore "divest[ed] . . . of its control over th[ese] aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. Because this Court lacks jurisdiction over those matters being appealed, Zolnierz's Motion to Vacate (Doc. 105), Motion for Reconsideration (Doc. 188), and Motion for Extension of Time for Reconsideration (Doc. 189) of several of those orders are denied for want of jurisdiction.

Zolnierz has also filed a motion to provide him with a copy of the docket sheet, recorded telephonic hearings, minute entries, and the entire court record. (Doc. 133.) He states in his motion that its purpose is to allow him to perfect his appeal and transmit the record to the Ninth Circuit. (*Id.* at 1.) As indicated by the docket, the Clerk's office provided Zolnierz with a docket sheet on September 12, 2012. Likewise, the record was

certified to the Ninth Circuit on September 5. (Doc. 116.) Relevant portions of the record were sent to Zolnierz on September 17, 2012. (Doc. 138.) Zolnierz's motion is consequently moot.

Next, Zolnierz filed a Motion to Waive Transcript Order Fees. (Doc. 183.) He states that the purpose of this Motion is likewise to enable him to perfect an appeal. As discussed, it appears that all necessary information was transmitted to the Ninth Circuit. In addition, the fact that Zolnierz was granted in forma pauperis status does not entitle him to a waiver of transcript fees. For the reasons discussed above, Zolnierz has no basis to appeal the orders he described in his notice of appeal. Therefore, there is no basis to grant a separate waiver of the transcript fees. That motion is denied.

## II. DISCOVERY ISSUES

This Court held a series of hearings in mid-September 2012 to resolve issues that arose in the course of discovery. It issued a number of rulings at that hearing that disposed of motions filed by all parties to this litigation. Zolnierz's Motions for Preliminary Injunction, Temporary Restraining Order, and Sanctions (Doc. 104) and Motion to Strike (Doc. 111) concerned the discovery issues addressed in the September hearings and were mooted by the Court's resolution of the discovery issues raised at those hearings. The same is true for Defendant Dr. Sudha D. Roa's Motion for a Protective Order. (Doc. 138.) Consequently, those motions are denied as moot. Likewise, Zolnierz filed a Motion for Sanctions (Doc. 179) that contains the same objections to the course of discovery that he raised and were considered by the Court at those hearings. As the Court noted during those hearings, Zolnierz has presented no evidence that Roa or his counsel have done anything sanctionable. None of the papers attached to his motion reveal questionable conduct on the part of Defendants. Moreover, the motion essentially functions as a request for production, but was filed on October 11, 2012, almost three weeks after discovery had ended. Those requests repeated the same issues already addressed by the Court. Accordingly, the Motion for Sanctions is denied.

/ / /

### III. OTHER MOTIONS

Zolnierz filed a Motion to Remand to State Court on October 19, 2012. (Doc. 190.) This case, however, was never removed from state court to federal court. Zolnierz filed his Complaint in federal court on January 21, 2011. (Doc. 1.) This Court cannot send a case back to state court that never originated there. The Motion to Remand is therefore denied.

Zolnierz has also filed a Motion for Recusal and Reassignment. (Doc. 166.) As this Court stated multiple times, it will not recuse itself or transfer the case. Zolnierz has not presented any evidence that would justify such a decision. The motion is denied.

### CONCLUSION

The remaining motions in this case relate in one way or another to the substantive motions filed by Defendant Raos and Zolnierz's attempts to produce evidence sufficient to defeat those motions. The Court is reviewing those motions and an order will be issued in due course.

**IT IS THEREFORE ORDERED THAT:**

1. Zolnierz's Motion for Leave to Appeal, to Stay, and for Sanctions (Doc. 97) is **denied.**

2. Zolnierz's Motion for Preliminary Injunction, Temporary Restraining Order, and Sanctions (Doc. 104) is **denied as moot**.

3. Zolnierz's Motion to Vacate (Doc. 105) is **denied**.

4. Zolnierz's Motion to Strike (Doc. 111) is **denied as moot**.

5. Zolnierz's Motion for Leave to Appeal (Doc. 114) is **denied**.

6. Zolnierz's Motion to provide Plaintiff with various documents (Doc. 133) is **denied as moot**.

7. Roa's Motion for Protective Order (Doc. 138) is **denied as moot.**

8. Zolnierz's Motion for Recusal (Doc. 166) is **denied**.

9. Zolnierz's Motion for Sanctions (Doc. 179) is **denied**.

10. Zolnierz's Motion for Certification (Doc. 180) is **denied**.

11. Zolnierz's Motion to Waive Transcript Order Fees (Doc. 183) is **denied**.

12. Zolnierz's Motion for Reconsideration (Doc. 188) is **denied**.

13. Zolnierz's Motion for Extension of Time (Doc. 189) is **denied**.

14. Zolnierz's Motion to Remand to State Court (Doc. 190) is **denied**.

Dated this 4th day of December, 2012.

*/s/ A. Murray Snow*
/G. Murray Snow
United States District Judge