**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas John Zolnierz | No. CV-11-00146-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph Arpaio, Sheriff of Maricopa, et al. | |
| Defendants. | |

    Pending before the Court are two dispositive motions filed by the only remaining Defendant in this case, Dr. Sudha D. Roa: a Motion to Dismiss for Lack of Prosecution (Doc. 160) and a Motion for Summary Judgment (Doc. 185). Plaintiff pro se Douglas Zolnierz has filed a number of motions that address his attempts to produce evidence to defeat those motions: a Motion to Appoint Expert (Doc. 108), Motion to Defer Summary Judgment (Doc. 110), Motion for Evidentiary Hearing (Doc. 182), Motion for In Camera Inspection Order (Doc. 191), Motion to Compel (Doc. 192), Motion to Strike (Doc. 194), and Motion for Ruling (Doc. 201). Most of these motions were filed after the expiration of the Court's discovery deadline of September 28, 2012. (Doc. 77 ¶ 1.) Zolnierz has not filed a Response to Roa's Motion for Summary Judgment, but has filed two Motions for Extension of Time to File Judgment on the Pleadings and Summary Judgment. (Docs. 202, 204.) The Court has taken all of these motions under consideration, but does not issue a ruling at this time for the reasons described below.

    In the course of its examination of Dr. Rao's case dispositive motions, the Court has come across evidence that raises a serious question about Zolnierz's competence that

is not inconsistent with some of Zolnierz's behaviors in this action. Pursuant to Federal Rule of Civil Procedure 17(c)(2), the Court orders that a hearing on the issue of Zolnierz's competence to prosecute this action will be held on Friday, January 18, 2013, at 9:00 a.m.

## DISCUSSION

Rule 17(c)(2) requires a court to "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." The precise standard that governs this determination is not entirely clear. For instance, the Second and Third Circuits have held that the district court has a duty to inquire into a pro se litigant's competency when "there is some verifiable evidence of incompetence." *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012); *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003). Verifiable evidence consists of "evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent" or "evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Ferrelli*, 323 F.3d at 201. In one of the cases under consideration in *Powell*, there was a court finding in a criminal case that the plaintiff was incompetent to stand trial. 608 F.3d at 308. In the other, a letter from the plaintiff's doctor stating that plaintiff was not competent to stand trial. *Id.* at 310. Both pieces of evidence triggered an obligation for the court to at least inquire into the plaintiff's competency.

*Powell* and *Ferrelli* distinguished "verifiable evidence" from "a litigant's bizarre behavior." *Id.* at 307; *Ferrelli*, 323 F.3d at 201. The *Ferrelli* court specifically rejected a "substantial question" standard, where a plaintiff's "requests for counsel, coupled with her in-court statements, raised a substantial question regarding her mental competency . . . sufficient to trigger the district court's obligation to determine whether Rule 17(c) protection was warranted." *Id.* The Second Circuit stated that "[n]either the language of Rule 17(c) nor the precedent of this court or other circuits imposes upon district judges an

obligation to inquire sua sponte into a pro se plaintiff's mental competence, even when the judge observes behavior that may suggest mental incapacity." *Id.*

The Ninth Circuit has not spoken as clearly as the Second and Third in adopting a "verifiable evidence" standard. In fact, a recent case used the language of "substantial question" to describe the trigger point for a district court's obligation to determine competency; however, the actual application of the standard in that case roughly approximates "verifiable evidence" standard, though it appears less is required. In *Allen v. Calderon*, 408 F.3d 1150 (9th Cir. 2005), the Ninth Circuit stated that "when a substantial question exists regarding the mental competence of a party proceeding pro se, the proper procedure is for the district court to conduct a hearing to determine competence, so a guardian ad litem can be appointed, if necessary." *Id.* at 1153. The Ninth Circuit found "sufficient evidence of incompetence at least to require the district court to make a competency determination" where

> [t]he motion included [plaintiff's] own sworn declaration and a sworn declaration of another inmate [that] explain that [plaintiff] is mentally ill and does not understand the district court's orders. [Plaintiff] also attached a letter from the prison psychiatrist whose care he is under . . . . This letter states that [plaintiff] is diagnosed with Chronic Undifferentiated Schizophrenia and is taking two psychotropic medications.

*Id.* Requiring some documentary evidence from physicians is consistent with an older Ninth Circuit case, which held that the district court abused its discretion because "the court was clearly on notice that [plaintiff] claimed to be incompetent and *his claim was made credible by official documentation*." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986) (emphasis added).

Up until this point, Zolnierz had failed to put forward official documentation of his mental problems to satisfy the Rule 17 standard. The documents he attached to his Motion for Appointment of Counsel do not contain any physician diagnoses or commentary. The discovery hearings held in September similarly lacked verifiable evidence. Zolnierz insisted over and over that "my mental competency's in issue," (Doc. 173, 9/20/12 Hearing Trans., at 4:2), but he did not put forth any evidence from a

physician. At the September 20 hearing, he had his case worker doctor, Aaron Morgan, with him. Morgan, though, represented only that Zolnierz was on appropriate prescribed medication. (*Id.* at 10:17-25.) He did not comment or present any evidence that he found Zolnierz mentally unstable or unfit to stand trial—the evidence that has triggered the Rule 17 obligation in the case law.

Rao, however, attached several documents to his Motion for Summary Judgment that do raise a "substantial question . . . regarding the mental competence of [the] party proceeding pro se." *Allen*, 408 F.3d at 1153. First, county doctors contacted his provider, Magellan Health Services of Arizona, who reported that Zolnierz has schizoaffective disorder, and paranoid personality disorder. (Doc. 186-7 at 21-22; Doc. 186-8 at 1.) The January 20, 2009 report lists the following symptoms: paranoia, persecutory ideations, auditory hallucinations, manic episodes, depression, pressured speech, racing thoughts, little sleep, and mood liability. (*Id.*) It also states that, when feeling well, he is largely able to present himself in an appropriate manner, but that he fails to attend scheduled appointments. (*Id.*)

Second, the County Correctional Health Services physicians' notes show increasing irregularities. On May 18, 2009, the doctor made a note that "psychotic features are become more evident and problematic." (Doc. 186-5 at 19-20; Doc. 186-6 at 1.) Most importantly, the June 22, 2009 report states that the

> patient presents a challenging array of medical, mental, and interpersonal problems. He can be demanding at times, and sometimes possibly stubborn. This writer *wonders if there are signs of Dementia*. He has a substantial mental health history that places him at risk (additional risk) when considering his latest request for . . . treatment of Hepatitis C. If indeed the patient wishes to pursue treatment such products . . . [are] agents with significant documented risks of severe depression and suicide, [which] in this writer's opinion should be take an antidepressant. The patient must show commitment to health care at this facility, for example, at least 6 weeks of continuous cooperative alliance with treatment provider. *Keep in mind the patient was considered not competent to stand trial without training and treatment.* Is he competent to decide his medical care? Perhaps his family and attorney should be involved with discussions around the appropriateness and safety of medical options for Hepatitis.

(*Id.*) (emphasis added). Chief among the troubling signs is that Zolnierz apparently was considered not competent to stand trial at some point.

Finally, the CHS records indicate that Zolnierz was placed on suicide watch at the CHS psychiatric unit on January 21-24, 2009. (Doc. 186-4 at 3-7.)

Taken together, these three pieces of evidence are sufficient to trigger the duty to have a Rule 17 competency hearing. The evidence is similar to that presented in *Allen*, where the plaintiff "had a letter from the prison psychiatrist whose care he is under . . . . This letter states that [plaintiff] is diagnosed with Chronic Undifferentiated Schizophrenia and is taking two psychotropic medications." 408 F.3d at 1153. While the Court is expressing no opinion on the actual determination of whether Zolnierz is competent to pursue his case, sufficient evidence has presented to require a competency hearing.

## CONCLUSION

The materials attached to Roa's Motion for Summary Judgment include medical evidence that Zolnierz may not be competent to advance his case. Under Rule 17(c)(2), the Court's duty is to conduct a hearing on the issue of Zolnierz's competency.

**IT IS THEREFORE ORDERED** that the parties shall appear at a competency hearing on Friday, **January 18, 2013, at 9:00 a.m.** in Courtroom 602 at the Sandra Day O'Connor U.S. Courthouse in Phoenix, Arizona, where they will present evidence on whether Zolnierz is competent to prosecute his case.

**IT IS FURTHER ORDERED** that Andrew Jacobs of Snell & Wilmer appear telephonically at the hearing for purposes of potentially securing counsel. The Clerk of Court is directed to mail a copy of this order to Mr. Jacobs at One South Church Avenue, Suite 1500, Tucson, AZ 85701-1630. Mr. Jacobs is directed to call chambers at (602) 322-7650 five minutes before the scheduled hearing.

Dated this 7th day of January, 2013.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge