**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas John Zolnierz,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Joseph Arpaio, Sheriff of Maricopa County; Fulton Brock; Don Stapley; Andrew Kunasek; Max Wilson; Mary Rose Wilcox; Board of Maricopa County Supervisors; Betty Adams, Director of Maricopa County Correctional Health Services; Dr. R. Venkatabalaji, Director of Jail Medical Review Board, et al.,<br><br>　　　　　　Defendants. | No. CV-11-00146-PHX-GMS<br><br>**ORDER** |

Pursuant to its Order of January 7, 2013, the Court held a hearing on January 18, 2013, to determine whether Plaintiff pro se Douglas Zolnierz was competent to prosecute his case. Zolnierz filed a Motion (Doc. 210) on January 17, 2013, that contained various documents relating to his competency. The Court grants his motion to the extent it was a Motion for Inspection of the Reports and Records, but denies it to the extent Zolnierz seeks a subpoena for other medical records. The Court has determined that Zolnierz currently lacks the necessary competence to pursue the action and appoints Jack A. Vincent and Christine A. Hammerle of Perkins Coie as guardians *ad litem* for Zolnierz for the reasons described below. The Court also addresses the current outstanding motions.

## I. Legal Standard

Rule 17(c)(2) of the Federal Rules of Civil Procedure requires a court to "appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." The Ninth Circuit has held that that "when a substantial question exists regarding the mental competence of a party proceeding pro se, the proper procedure is for the district court to conduct a hearing to determine competence, so a guardian *ad litem* can be appointed, if necessary." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). Usually, there is some documentary evidence of a pro se litigant's incompetence that triggers the Court's obligation. *See id.* (declarations and statements from the plaintiff, his cellmate, and prison psychologist); *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012); *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003).

But the fact that the Court holds a hearing on competency does not mandate a finding of competency. The standard for determining competency is supplied by the law of the plaintiff's state of residence. *See* Fed. R. Civ. P. 17(b)(1); *Adamson v. Hayes*, No. CV–05–2286–PHX–JWS (LOA) 2010 WL 5069885 at *4 (D. Ariz. Dec. 7, 2010); *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990). Arizona law finds a person incompetent when "as a result of a mental illness, defect or disability a [litigant] is unable to understand the nature and object of the proceeding or to assist in the [case]." Ariz. Rev. Stat. § 13-4501(2); *see also Kelly R. v. Ariz. Dep't of Econ. Sec.*, 213 Ariz. 17, 22, 137 P.3d 973, 978 (Ct. App. 2006). The procedure for determining competence, however, is governed by federal law. *See Adamson*, 2012 WL 5069885 at *4; *Thomas*, 916 F.2d at 1035. The ultimate decision of whether to appoint a guardian *ad litem* rests with the sound discretion of the district court and is made on a case-by-case basis. *M.K. through Hall v. Harter,* 716 F. Supp. 1333, 1335 (E.D. Cal. 1989) (citing *United States v. 30.64 Acres of Land*, 795 F.2d 796, 806 (9th Cir. 1986)).

## II. Finding of Incompetency and Appointment of Guardian *Ad Litem*

The Court concludes that Zolnierz lacks the competency necessary to conduct his case. Several pieces of evidence inform that decision. The Court notes that Zolnierz's manner and comments throughout this case have shown that Zolnierz is often unable to communicate effectively with the Court, the parties, and witnesses. Moreover, he has spoken of seeing devils and other hallucinations that give him instructions. When he has appeared before the Court, Zolnierz does not appear to have a grasp on the nature and purpose of the proceedings. While a litigant's "bizarre behavior" does not always necessitate a finding of incompetence, see *Ferrelli*, 323 F.3d at 201, "the trial judge is entitled to gauge a party's competence by [his] personal conduct in court", *Smith v. Rabb*, 95 Ariz. 49 56-57, 386 P.2d 649, 654 (1963). Zolnierz himself has insisted throughout this case that "my mental competency's in issue," (Doc. 173, 9/20/12 Hearing Trans., at 4:2) The Court therefore relies extensively on its own observations of Zolnierz over the course of this case.

Those observations are strengthened by the objective evidence of Zolnierz's incompetence. For a period of four months in his underlying criminal trial, Zolnierz was adjudged incompetent to stand trial. (Doc. 210 at 66-69, 78-82.) An adjudication of incompetence to stand trial is a strong signal of incompetence for purposes of Rule 17. *See Powell*, 680 F.3d at 310. Zolnierz was eventually deemed competent to stand trial after treatment in the Maricopa County Correctional Health Services Restoration to Competency Program. (*Id.*) Nevertheless, his restoration to competency occurred only after close monitoring and treatment by state officials over the period of months, which does not appear to reflect the current situation.

Furthermore, county prison officials raised serious questions about Zolnierz's mental health. County doctors contacted his provider, Magellan Health Services of Arizona, who reported that Zolnierz has schizoaffective disorder, and paranoid personality disorder. (Doc. 186-7 at 21-22; Doc. 186-8 at 1.) The January 20, 2009 report lists the following symptoms: paranoia, persecutory ideations, auditory hallucinations,

manic episodes, depression, pressured speech, racing thoughts, little sleep, and mood liability. (*Id.*) It also states that, when feeling well, he is largely able to present himself in an appropriate manner, but that he fails to attend scheduled appointments. (*Id.*) County Correctional Health Services physicians' notes also show increasing irregularities. On May 18, 2009, the doctor made a note that "psychotic features are become more evident and problematic." (Doc. 186-5 at 19-20; Doc. 186-6 at 1.) Most importantly, the June 22, 2009 report states that the

> patient presents a challenging array of medical, mental, and interpersonal problems. He can be demanding at times, and sometimes possibly stubborn. This writer *wonders if there are signs of Dementia*. He has a substantial mental health history that places him at risk (additional risk) when considering his latest request for . . . treatment of Hepatitis C. If indeed the patient wishes to pursue treatment such products . . . [are] agents with significant documented risks of severe depression and suicide, [which] in this writer's opinion should be take an antidepressant. The patient must show commitment to health care at this facility, for example, at least 6 weeks of continuous cooperative alliance with treatment provider. *Keep in mind the patient was considered not competent to stand trial without training and treatment.* Is he competent to decide his medical care? Perhaps his family and attorney should be involved with discussions around the appropriateness and safety of medical options for Hepatitis.

(*Id.*) (emphasis added). Finally, the CHS records indicate that Zolnierz was placed on suicide watch at the CHS psychiatric unit on January 21-24, 2009. (Doc. 186-4 at 3-7.)

Taken together these observations and official documentary evidence establish that Zolnierz "is unable to understand the nature and object of the proceeding or to assist in the [case]." Ariz. Rev. Stat. § 13-4501(2). Pursuant to Rule 17(c), the Court appoints Jack A. Vincent and Christine A. Hammerle of Perkins Coie, 2901 North Central Avenue, Suite 2000, Phoenix, Arizona, well-respected and experienced attorneys, as guardians *ad litem* for Zolnierz in this case. Their phone number is 602-351-8000. Mr. Vincent and Ms. Hammerle have no known interests adverse to Zolnierz and must act to protect the Zolnierz's best interests in this litigation. The Court finds that the appointment of guardians *ad litem* in this § 1983 action is necessary in the interest of justice, and that

- 4 -

Zolnierz is financially unable to obtain and compensate adequate representation and a guardian *ad litem*.

The Court notes, however, that these are unique facts in a unique setting. A litigant cannot require the appointment of counsel or a guardian ad litem just be showing up and acting in an incompetent manner—a case by case evaluation of conduct over a period of time, the quantity and quality of medical evidence, and the nature of the claim all play a role.

### III.     Role of the Guardian *Ad Litem*

Generally, the role of the guardian *ad litem* in a federal lawsuit "is to protect the interests of the incompetent person." *Richards v. Duke University,* 166 Fed. App'x. 595, 599 (3d Cir. 2006). A guardian *ad litem* is not appointed to serve as counsel but to "act for the [ward] in the cause, with authority to engage counsel, file suit, and to prosecute, control, and direct the litigation." *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974) (citing *Fong Silk Leung v. Dulles*, 226 F.2d 74, 82 (9th Cir. 1955)). Importantly, the appointment of a guardian *ad litem* "deprives the litigant of the right to control the litigation." *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990). "A guardian *ad litem* is authorized to act on behalf of his ward and may make all appropriate decisions in the course of the specific litigation." *Id.* As Zolnierz's guardians *ad litem,* Mr. Vincent and Ms. Hammerle may enter into "binding contracts for the retention of counsel and expert witnesses and may settle the claim on behalf of his ward [subject to court approval]." *Id.* at 1033 (quoting *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986)).

After appointing a guardian *ad litem,* a district court "maintains a continuing obligation to supervise the guardian *ad litem's* work." *Neilson v. Colgate–Palmolive Co.,* 199 F.3d 642, 652 (2nd Cir. 1999). The district court may remove the guardian *ad litem*. *Hull by Hull v. United States,* 53 F.3d 1125, 1127 n.1 (10th Cir. 1995) (noting that parties seeking to challenge the decisions of a guardian *ad litem* have a remedy of applying to the court to have the guardian *ad litem* removed or to have another guardian *ad litem* appointed).

**CONCLUSION**

As the Court mentioned at the hearing, Zolnierz has only one claim remaining in this case: a claim under 42 U.S.C. § 1983 against Defendant Dr. Sudha Roa for cruel and unusual punishment. The Court will not entertain motions on claims that have been dismissed or other extraneous matters. At this point in the litigation, discovery is closed and there are two pending dispositive motions. Dr. Roa has filed a Motion to Dismiss for Lack of Prosecution (Doc. 160) and a Motion for Summary Judgment (Doc. 185).

Zolnierz has filed a number of motions that address his attempts to produce evidence to defeat those motions: a Motion to Appoint Expert (Doc. 108), Motion to Defer Summary Judgment (Doc. 110), Motion for Evidentiary Hearing (Doc. 182), Motion for In Camera Inspection Order (Doc. 191), Motion to Compel (Doc. 192), Motion to Strike (Doc. 194), and Motion for Ruling (Doc. 201). Most of these motions were filed after the expiration of the Court's discovery deadline of September 28, 2012. (Doc. 77 ¶ 1.) Zolnierz has not filed a Response to Roa's Motion for Summary Judgment, but has filed two Motions for Extension of Time to File Judgment on the Pleadings and Summary Judgment. (Docs. 202, 204.)

Because the Court has appointed Mr. Vincent and Ms. Hammerle as Zolnierz's guardians *ad litem* and empowered them to act on behalf of Zolnierz, Dr. Roa's Motion to Dismiss for Lack of Prosecution (Doc. 160) is denied. Zolnierz's several motions relating to discovery are denied without prejudice to his guardians refiling those motions they believe necessary to advancing Zolnierz's case. Thus, the only outstanding motion is Dr. Roa's Motion for Summary Judgment. The Court resets the date for response to **February 25, 2013**, and the deadline for the Reply is **March 14, 2013**. If, after reviewing the discovery and case file, the guardians have good cause to re-open discovery on a limited basis or alter those deadlines, they may file a motion.

**IT IS THEREFORE ORDERED THAT:**

1. Zolnierz's Motion (Doc. 210) is **granted in part and denied in part.**
2. Jack Vincent and Christine Hammerle are hereby appointed as guardians *ad*

*litem* for Zolnierz in this case. The Clerk of Court is directed to mail a copy of this Order to Mr. Vincent and Ms. Hammerle at Perkins Coie LLP, 2901 N. Central Ave., Suite 2000, P.O. Box 400, Phoenix, AZ 85001-0400.

3. Dr. Roa's Motion to Dismiss (Doc. 160) is **DENIED.**

4. Zolnierz's Motion to Appoint Expert (Doc. 108), Motion to Defer Summary Judgment (Doc. 110), Motion for Evidentiary Hearing (Doc. 182), Motion for In Camera Inspection Order (Doc. 191), Motion to Compel (Doc. 192), Motion to Strike (Doc. 194), and Motion for Ruling (Doc. 201), and two Motions for Extension of Time to File Judgment on the Pleadings and Summary Judgment (Docs. 202, 204) are **denied without prejudice**.

5. Zolnierz shall have until 5:00 P.M. on **February 25, 2013** to file responsive memoranda to Dr. Roa's Motion for Summary Judgment (Doc. 185). Dr. Roa shall have until 5:00 P.M. on **March 14, 2013** to file a reply memorandum.

Dated this 23rd day of January, 2013.

_____
G. Murray Snow
United States District Judge